## In re Anonymous No. 10 D.B. 80

Disciplinary Board Docket no. 10 D.B. 80.

To the Disciplinary Board of the Supreme Court of Pennsylvania:

Hearing Committee Report: June 12, 1981—In accordance with Rule 89.171 et seq., hearing committee [ ] files its report in the above captioned matter.

### FINDING OF FACTS

1. Respondent is an attorney who lives in [ ] Pa., has an office in the [ ] Building and has been practicing about 12 years.

2. He is a widower his wife having died on December 23, 1977, of cancer.

3. His oldest child was born in 1973 with a severe birth defect known as spina bifida which requires daily attention to his bowel and bladder and paralysis of the lower legs.

4. On October 7, 1978, respondent left his home, then in [ ], to go to this law office in [ ].

5. At the corner of [ ] Street and the Boulevard of the [ ] he met one [A], whom he had known since he was 15 years old and who operated a flower shop on [ ] Street.

6. [A] invited him to the flower shop and offered him a cup of coffee and a place where he could

conduct his affairs. Respondent accepted the invitations. This occurred about 11:30 a.m.

7. About 1:00 p.m. a Detective [B] and another detective entered the front of the flower shop and asked for [A]. They were greeted by a female clerk who called [A].

8. [B] served [A] with a warrant for his arrest and a search of the shop for gambling devices.

9. At the rear of the store behind the coolers [B] and his companion found respondent who had just completed a phone call, two desks and some sheets of papers.

10. The sheets of paper consisted of two duplicate Football Line Schedules (Exhibits A-1, B-1), and 4 lists of football bets (Exhibits C-1, D, E-1, E-2, and F). Respondent admitted all the sheets were in his handwriting.

11. Though the detectives were in the flower shop a considerable time they did not testify to the receipt of phone calls for the purpose of placing bets.

12. The magistrate before whom respondent and [A] were taken dismissed the gambling charges.

13. Most of the bets represented on the four lists were bets placed by respondent for himself and do not constitute a violation of 18 C.P.S.A. §5514.

14. Respondent did place bets as an accommodation for one [C], one [D] and for one [E]. Respondent's Exhibit 2 compiling the information on the bet sheets shows that respondent bet $38,500 on his own account and $23,800 for the account of [C], [D] and [E]. Though respondent received no compensation or commission for the bets placed for [C], [D] and [E], he did technically violate subsection (3) of section 5514 of 18 Pa.C.S.A. because he received, recorded, and forwarded a bet or wager upon a contest.

## DISCUSSION

It is not a crime in Pennsylvania to bet upon a contest and to the extent respondent bet on his own account he did not violate the law. Nor is track betting a crime in Pennsylvania. To the extent that he placed bets on football contests for others as an accommodation he technically violated the gambling statute of this state. In our opinion, the conduct does not merit serious punishment but punishment enough to alert him to his illegal practices and prevent him from more serious offenses against the gambling laws.

## CONCLUSION OF LAW

Respondent is guilty of a violation of D.R. 1-102(A)(6) but not to the extent that it affected his ability to protect the interest of his clients.

## RECOMMENDATION

In view of the weakness of the prosecution's case, the fact that this is the only incident involving respondent and that respondent was not receiving any financial compensation for placing the accommodation bets for [C], [D] and [E], we recommend an informal admonition.

## ORDER

HARRINGTON, *Chairman,*—And now, June 12, 1981, the report and recommendation of hearing committee [ ] dated May 8, 1981, is accepted; and it is ordered and decreed, that said respondent of [ ] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Pa.R.D.E. 204(6).